# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HENRY C. ADAMS, JR. | § | |
| | § | |
| V. | § | CASE NO. 4:10-CV-709 |
| | § | Judge Mazzant |
| BANK OF AMERICA, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Petition (Dkt. #12). The Court, having considered the relevant pleadings, finds that Defendants' motion should be granted.

### Background

Plaintiff filed this action on December 20, 2010, in state court by filing his Original Petition against Bank of America, N.A. ("BANA")[1], BAC Home Loans Servicing, LP ("BAC"), Wells Fargo Bank, N.A. ("Wells Fargo") and Harborview Mortgage Loan Trust 2007-1 ("Harborview") claiming that a substitute trustee's deed of January 4, 2011, is void and that the foreclosure was wrongful.

Plaintiff admits that, on or about January 19, 2007, he executed a note and a deed of trust naming Bank of America as lender. The deed of trust also reflects that Mortgage Electronic Registration Systems, Inc. ("MERS") was named as beneficiary. Plaintiff then alleges that "[c]ounsel's examination of the public records available in Collin County discloses a purported assignment of lien to BOA." Consistent with these allegations, on November 3, 2010, MERS executed a Corporation Assignment of Deed of Trust/Mortgage, which assigned the deed of trust and promissory note to Wells Fargo. A copy of this assignment was recorded in official public records of Collin County, Texas, on November 15, 2010. On December 14, 2010, a Notice of Substitute

---

[1] Plaintiff referred to Bank of America, N.A. as Bank of America.

Trustee's Sale was filed with the County Clerk of Collin County, Texas, setting the sale for January 4, 2011. The foreclosure sale was postponed due to the filing of the Petition and has not yet taken place.

On December 28, 2010, Defendants removed this action to this Court. On January 3, 2011, the Court entered its Order and Advisory, giving Plaintiff an opportunity to file an amended complaint. Plaintiff did not file an amended pleading. On July 8, 2011, Defendants filed their motion to dismiss (Dkt. #12). On July 18, 2011, Plaintiff's counsel withdrew from the case and Plaintiff was proceeding *pro se* (Dkt. #14, #17). On August 30, 2011, Plaintiff filed a response to the motion to dismiss (Dkt. #20). On September 6, 2011, the Court ordered Plaintiff to file an amended complaint that provided more factual details supporting his claims. The Court also denied the motion to dismiss as moot, but indicated that "[i]f no amended complaint is filed, the Court will reconsider Defendants' motion to dismiss." (Dkt. #21). Plaintiff did not file an amended complaint. Since Plaintiff has not complied with the Court's prior Orders to file an amended complaint, the Court is not required to give Plaintiff another opportunity to file an amended complaint, and will decide the motion to dismiss based upon his state court petition.

**Legal Standard**

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary

claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). When ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Furthermore, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

**Analysis**

Plaintiff asserts that the foreclosure should not be allowed to proceed for the following reasons: (1) Defendants lack authority to conduct the sale; and (2) the notices of default and notice of sale required by § 51.002 of the Texas Property Code did not comply with §§ 51.002(b), (d), or 51.0025(2). Based upon these allegations, Plaintiff brings causes of action for (1) violation of the Texas Debt Collection Act, Chapter 392 of the Texas Finance Code (the "TDCA"), (2) violation of the Texas Deceptive Trade Practices Act, § 17.41, et seq., of the Texas Business & Commerce Code (the "DTPA"), (3) negligent misrepresentation, and (4) wrongful foreclosure.

Defendants assert that Plaintiff's contention that Defendants lack authority to conduct the foreclosure sale is without merit. Even if a recorded assignment of lien were required to establish authority to conduct a foreclosure, Defendants argue that the existence of a recorded assignment

transferring interest in the note and deed of trust, as recognized by Plaintiff in his Petition, defeats his claim. Defendants further assert that Plaintiff's contention that the notice of default and notice of sale do not comply with §§ 51.002(b), (d), and 51.0025(2) fails where, as here, no foreclosure sale has occurred.

Defendants generally assert that the facts alleged in Plaintiff's petition are sparse. The Court agrees. The Court has given Plaintiff two opportunities to file an amended pleading. Moreover, after the filing of this motion to dismiss, the Court ordered Plaintiff to file an amended pleading because Plaintiff's factual allegations were so basic and conclusory that the Court had no choice but to grant the motion to dismiss. The Court's view that the petition is deficient has not changed, and the Court finds that Defendant's motion should be granted because, based upon the few facts that are asserted, none of Plaintiff's claims are plausible.

Although not required, the Court will still review the grounds for dismissal put forth by Defendants. Defendants assert that as an underlying premise of each of Plaintiff's claims, he relies on one or more of the following contentions: (1) Defendants lack authority to conduct the yet-to-occur foreclosure sale; and (2) the notices required by §§ 51.002(b) and (d) of the Texas Property Code did not comply with these provisions, as well as § 51.0025(2).

Defendants argue that Plaintiff's assertion that there is a "[d]efective [d]ocumentary [c]hain" is, therefore, wholly without merit and contrary to his own allegations. Moreover, Plaintiff's suggestion that, in order to establish the requisite authority to conduct a foreclosure sale, an assignment of lien must appear in the public records, is unsupported by any legal authority.

A good explanation of MERS and Texas law can be found in *Richardson v. CitiMortgage, Inc.*, No. 6:10cv119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010). U.S. Magistrate Judge Judith K. Guthrie explained as follows:

Under Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale. *Athey v. MERS*, 314 S.W.3d 161, 166 (Tex. App.-Eastland 2010). MERS was the nominee for Southside Bank and its successors and assigns. MERS had the authority to transfer the rights and interests in the Deed of Trust to CitiMortgage. The Plaintiffs' complaints about the role of MERS in this matter lack merit.

It is further noted that the role of MERS has been the subject of federal multidistrict litigation in *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, 659 F. Supp.2d 1368 (U.S. Jud. Pan. Mult. Lit. 2009). The MERS system is merely an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans. *Id*. at 1370. The system is designed to track transfers and avoid recording and other transfer fees that are otherwise associated with the sale. *Id.* at 1370 n. 6. MERS is defined in Texas Property Code § 51.0001(1) as a "book entry system," which means a "national book system for registering a beneficial interest in security instrument and its successors and assigns." As noted in *Athey*, mortgage documents provide for the use of MERS and the provisions are enforceable to the extent provided by the terms of the documents. The role of MERS in this case was consistent with the Note and Deed of Trust.

Plaintiff's allegations that the transfer was not valid are mere conclusions and do not state a plausible breach of contract claim. Furthermore, Plaintiff lacks standing to contest any assignment. A court recently addressed this issue and found as follows:

> Plaintiff has no standing to contest the various assignments as she was not a party to the assignments. Even if she has standing, her allegations are without merit because MERS was given the authority to transfer the documents in the Deed of Trust. The Restatement (3d) of Property offers no support for Plaintiff's claims. As MERS is a beneficiary and nominee for both the originating lender and its successors and assigns by the express language in the Deed of Trust, the situation falls within an exception to the general rule that a party holding only the deed of trust cannot enforce the mortgage. See Comment e to the Restatement (3d) of Property (Mortgages) § 5.4. Section 5.4 additionally notes that a "transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise." Plaintiff makes no allegations that the parties in this case agreed otherwise. Finally, while the Note may not specifically mention MERS, the Note and Deed of Trust must be read together in evaluating the terms…thus, the Note and Deed of Trust are construed together as a single instrument.

*Eskridge v. Fed. Home Loan Mortgage Corp. et al.*, Case No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011).

Furthermore, a review of the complaint demonstrates no factual allegations that would support the theory that BAC is not the proper holder of the note and deed of trust. Under the Texas Property Code, a mortgagee may authorize a mortgage servicer to service a mortgage and conduct a foreclosure sale. *See* Tex. Prop. Code. Ann. § 51.0025. MERS is a mortgagee under the Texas Property Code. *See* Tex. Prop. Code Ann. § 51.0001(4). Since the deed of trust identifies MERS as the beneficiary and the nominee for the original lender and its successors and assigns, this makes MERS a mortgagee under the Texas Property Code. As a mortgagee, MERS could authorize BAC to service the loan and foreclose, regardless of whether MERS was the true owner of the note. In addition, Plaintiff points to no provision of the Texas Property Code that requires a mortgagee or mortgage servicer to produce the original note or deed of trust before conducting a non-judicial foreclosure. *See Sawyer v. Mortg. Elec. Registration Sys., Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010). Moreover, Plaintiff fails to plead any facts indicating that the lender or lender's successors and assigns never held the note, or that the note has been lost or stolen.

Courts in Texas have repeatedly recognized that Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note. *See Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *3 (W.D. Tex. Apr. 26, 2011) ; *Coleman v. Bank of America, N.A.*, No. 3-11-CV-0430-GBD, 2011 WL 2516169, at *2 (N.D. Tex. May 27, 2011), rec. adopted, 2011 WL 2516668 (N.D. Tex. June. 22, 2011); *Dillard v. Mortg. Elec. Registration Sys., Inc.*, No. 3-10-CV-0091-N, slip op. at 4 n.1 (N.D. Tex. Apr. 16, 2010), appeal dism'd, No. 11-10069 (5th Cir. Apr. 21, 2011); *Sawyer,* 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010); *Athey v. Mortgage Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 165-66 (Tex. App.—Eastland 2010, pet. denied); Tex. Prop. Code § 51.002(a)-(h) (setting forth

requirements for non-judicial foreclosure in Texas, which do not include producing original note).

Furthermore, Plaintiff's allegations that the notices required by sections 51.002(d) and 51.002(b) were not complied with fail, because Plaintiff fails to identify any specific defects in the notices, and there is no basis to challenge the notices when no sale has occurred or is even scheduled to occur.

Furthermore, to recover under the DTPA, Plaintiff must show: (1) the plaintiff is a consumer; (2) the defendant can be sued under the DTPA; (3) the defendant violated a specific provision of the DTPA; and (4) the defendant's violation is a producing cause of the plaintiff's damages. Tex. Bus. & Com. Code Ann. §§ 17.41-17.63; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). To qualify as a consumer, a plaintiff must (1) seek or acquire goods or services, and (2) the goods or services purchased or leased must form the basis of the complaint. *Modelist v. Deutsche Bank Nat. Trust Co.*, No. H-05-1180, 2006 WL 2792196, at *7 (S.D. Tex. Aug. 25, 2006) (citing *Sherman Simon Enters., Inc. v. Lorac Serv. Corp.*, 724 S.W.2d 13, 14 (Tex. 1987)). Whether a plaintiff is a consumer under the DTPA is a question of law. *Id*. (citing *Holland Mortg. & Inv. Corp. v. Bone*, 751 S.W.2d 515, 517 (Tex. App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.)).

In evaluating whether Plaintiff is a consumer, the Court must look to the object of the transaction. Tex. Bus. & Com. Code Ann. § 17.45; *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 567 (Tex. 1984). In *La Sara Grain Company*, the Texas Supreme Court held that a lender may be subject to a DTPA claim if the borrower's "objective" was the purchase or lease of a good or service. *La Sara Grain Co.*, 673 S.W.2d at 567. However, a person whose objective is merely to borrow money is not a consumer because the lending of money does not involve either the purchase or lease of a good or service. *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980).

8

In the present case, it is undisputed that Plaintiff's claims arise out of a loan and do not involve the purchase or lease of either goods or services. Plaintiff did not seek to purchase or lease any goods or services from Defendants. Therefore, Plaintiff is not a "consumer" with respect to the home loan. Therefore, Plaintiff's DTPA claim should be dismissed.

Plaintiff alleges Defendants violated § 392.301(a)(8) of the TDCA by threatening to take an action prohibited by law, i.e., foreclose the deed of trust. Defendants also move to dismiss Plaintiff's TDCA claim because foreclosure is not debt collection subject to the TDCA, and Defendants are not third-party debt collectors and, therefore, not required to be bonded.

Section 392.304(a)(8) of the Texas Finance Code states that, "in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that misrepresent[s] the character, extent, or amount of a consumer debt." Tex. Fin. Code § 392.304(a)(8). A debt collector is also prohibited from "threatening to take an action prohibited by law." Tex. Fin. Code § 392.301(a)(8). For a statement to constitute a misrepresentation under the TDCA, Defendant must have made a false or misleading assertion. *Reynolds v. Sw. Bell Tel., L.P.*, No. 2-05-356-CV, 2006 WL 1791606, at *7 (Tex. App.-Fort Worth June 29, 2006, pet. denied). A collection notice or balance statement misstating the amount owed on a debt constitutes a misleading assertion regarding the amount of that debt under the TDCA. *See Baker v. Countrywide Home Loans, Inc.*, No. 3-08-cv-0916, 2009 WL 1810336, at *7 (N.D. Tex. June 24, 2009); *see also Steele v. Green Tree Servicing, LLC*, No. 3:09-cv-0603, 2010 WL 3565415, at *5 n.6 (N.D. Tex. Sept. 7, 2010). The TDCA does not prevent a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." Tex. Fin. Code § 392.301(b)(3); *Sweet v. Wachovia Bank and Trust Company*, No. 3:03-CV-1212-R, 2004 WL 1238180, at *3 (N.D. Tex. Feb. 26, 2004).

Defendants move to dismiss Plaintiff's TDCA claims, asserting that there are no facts that would support a claim under these provisions. The Court agrees. Plaintiff offers only conclusions and fails to provide any facts that support these allegations. Merely stating Defendants violated the TDCA, without more factual allegations, is a legal conclusion couched as a factual assertion, which does not survive a motion to dismiss. Plaintiff provides no allegations that Defendants did anything but exercise their right under the deed of trust to foreclose. Defendants assert that foreclosure is not an action prohibited by law.

Section 392.101 of the Texas Finance Code prohibits a third-party debt collector from engaging in debt collection unless he obtains a bond and files a copy of the bond with the Secretary of State. *See* Tex. Fin. Code § 392.101. The definition of "third-party debt collector" in the Texas Finance Code tracks the definition of "debt collector" in the Fair Debt Collection Practices Act. *See* Tex. Fin. Code § 392.001(7). The Fair Debt Collection Practices Act states:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). Section 1692a(6) further narrows the meaning of "debt collector" by excluding "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person." *See* 15 U.S.C. § 1692a(6)(F)(iii). Therefore, "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *CA Partners v. Spears*, 274 S.W.3d 51, 79 (Tex. App.-Houston[14th Dist.] 2008, pet. denied) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)). If a debt is in default at the time the assignee acquires

10

his interest in the debt, he is a "third-party debt collector" within the contemplation of the section 392.101(a) of the Texas Finance Code. There is no allegation that Plaintiff was in default at the time BAC began servicing the loan.

Defendants next move to dismiss Plaintiff's claim for negligent misrepresentation. Plaintiff alleges Defendants "supplied false information" in the course of a transaction by "claim[ing] ownership and/or servicing of the Loan" and that this conduct constitutes negligent misrepresentation. Defendants assert that "[t]his vague and convoluted accusation fails to give Defendants fair notice of the misrepresentation for which damages are sought. Exactly what 'actions' or 'false information' plaintiff refers to is a mystery." The Court agrees. Based upon the conclusions and lack of facts offered by Plaintiff, this claim is not plausible and should be dismissed.

Defendants also assert that Plaintiff's claim fails for lack of a duty. In Texas, there is "no special relationship between a mortgagor and mortgagee." *Collier v. Wells Fargo Home Mortg.*, No. 7:04-CV-86, 2006 WL 1464170, at *8 (N.D. Tex. May 26, 2006) (citing *UMLIC VP LLC v. T & M Sales and Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.– Corpus Christi 2005, pet. denied)). "Absent a 'special relationship,' any duty to act in good faith is contractual in nature and its breach does not amount to an independent tort." *UMLIC*, 176 S.W.3d at 612 (citations omitted). Thus, there is no duty of care that arises in this case.

Defendants also assert that Plaintiff's claim for wrongful foreclosure fails because no foreclosure has occurred. The Court agrees, and this claim should be dismissed.

Defendants also assert that Plaintiff's attempt to plead miscellaneous claims also fails to state a claim upon which relief could be granted. The Court agrees. Plaintiff makes passing reference to claims throughout his Petition that are not supported by any factual allegations and leave Defendants guessing as to whether he is raising a cause of action at all. In paragraph three of his petition, entitled

"Jurisdiction and Venue," Plaintiff states the "Court has jurisdiction of any FDCPA claims . . . of any TILA claims . . . and of any RESPA claims[.]" However, Plaintiff did not raise FDCPA, TILA, or RESPA claims in his Petition. In paragraph nine, Plaintiff "seeks injunctive relief to bar any transfer of any interest in his Property." While it is entirely unclear what Plaintiff is claiming or the basis for this claim, this request is remedial in nature, and dependent upon the assertion of viable causes of action. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006). To the extent Plaintiff tried to plead these additional causes of action, they too should be dismissed for failure to state a claim.

Plaintiff's response argues that Defendants are really asking the Court to decide a motion for summary judgment and not a motion to dismiss. The argument is misplaced. Moreover, Plaintiff's petition is deficient, and Plaintiff has refused the Court's Order to attempt to remedy any of the problems addressed in the motion to dismiss. Plaintiff's petition fails to plead facts that would make any of his claims plausible. Therefore, Defendants' motion should be granted.

It is therefore ORDERED that Defendants' Motion to Dismiss Plaintiff's Petition (Dkt. #12) is hereby GRANTED and this case is DISMISSED with prejudice.

**SIGNED this 26th day of October, 2011.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE